No. ——.
First Circuit Appeal.

## J. B. COLT CO. v. J. L. BLACKWELL

(June 12, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. Louisiana Digest—Evidence—Par. 222.
Parol evidence in the absence of fraud or error is inadmissible to alter and vary the terms of a written contract.
**(Civil Code, Art. 2276, Editor's note.)**

Appeal from the Parish of Tangipahoa, Hon. Columbus Reid, Judge.

This is a suit on a written contract to recover the purchase price of a carbide generator and accessories.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Kemp and Buck, of Amite, attorneys for plaintiff, appellee.

Chas. Elliott, of Amite, attorney for defendant, appellant.

LECHE, J. Plaintiff sold to defendant an acetylene gas plant, consisting of a carbide generator and its accessories, and the present suit is to recover the purchase price thereof. The defense is based upon fraud and deception and from a judgment against him, defendant has appealed.

Parol evidence was offered and adduced to sustain the defense, but the trial judge having reserved his ruling upon the admissibility of that evidence, concluded on the submission of the case, that such evidence was inadmissible as altering and varying the terms of a written contract of sale and he thereupon rendered judgment in favor of plaintiff.

The decision of the case then depends entirely upon the correctness of that ruling.

The trial judge says in his reasons for judgment:

"The contract of sale carries with it only such warranties as are written in the contract for the purchase of the machine, that is that the machine is in good operating condition, free of mechanical defects and defects in material, and carries the stipulation that no representations by the agent shall be binding on the company, and that the written contract is the entire contract between the parties. Defendant admits that he looked over the contract and had an opportunity to read the same, but that he had confidence in the agent whom he knew well, and relied on his verbal promises and representations as to the machine rather than on the contract which he signed.

"The court, subject to the objection of counsel for plaintiff, admitted evidence in support of all the defenses urged, reserving its ruling as to the admissibility of the same until submission of the case. The court is now of the opinion that this evidence should have been rejected and that the rights of the parties should be determined according to the terms of the written contract. It is elementary law that in the absence of fraud or error no evidence shall be received to vary, alter or contradict the terms of the written agreement. The error or fraud here alleged, is not of such a nature as to admit the evidence to alter the agreement. Mr. Blackwell is a business man of Kentwood, well able to manage his own affairs; it is not a case wherein the court might in its equity jurisdiction reach down and relieve an ignorant man of an unconscionable contract. One who has the ability to protect himself from the lure of a sharp sales-agent and who fails to do so, and deliberately signs a contract which he knows contains different terms from those merely spoken by the agent, and omits warranties that the agent speaks of, has himself to blame. If all conversations, boosting of wares, promises, etc., made before or at the time of the signing of a contract of sale were admissible to alter the written contract, the value of a contract in writing would be destroyed."

The trial judge who knows the defendant, and saw and heard him testify, was in a better position than we are, to say whether defendant was fraudulently and deceitfully taken advantage of by plaintiff's salesman. He did not think so and we see no reason to reverse him.

The judgment appealed from is therefore affirmed.